| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>**Caption in Compliance with D.N.J. LBR 9004-1**<br>DENISE CARLON, ESQUIRE<br>KML LAW GROUP, P.C.<br>Sentry Office Plz<br>216 Haddon Ave.<br>Suite 406<br>Westmont, NJ 08018<br>(215)627-1322<br>dcarlon@kmllawgroup.com<br>Attorneys for Movant<br>Deutsche Bank National Trust Company, as trustee, on behalf of the holders of the Impac Secured Assets Corp., Mortgage Pass-Through Certificates Series 2006-5 | Order Filed on October 15, 2019 by Clerk, U.S. Bankruptcy Court - District of New Jersey |
| In Re:<br><br>Angela M. Risoli and Gerard Risoli,<br><br>Debtors. | Case No.: 19-24147 SLM<br>Adv. No.:<br>Hearing Date: 9/11/19 @ 8:30 a.m.<br><br>Judge: Stacey L. Meisel |

## ORDER RESOLVING SECURED CREDITOR'S OBJECTION TO DEBTORS' CHAPTER 13 PLAN

The relief set forth on the following pages, numbered two (2) through three (3) is hereby **ORDERED**

**DATED: October 15, 2019**

_Stacey L. Meisel_
Honorable Stacey L. Meisel
United States Bankruptcy Judge

Page 2
Debtors:     Angela M. Risoli and Gerard Risoli
Case No.:    19-24147 SLM
Caption:     **ORDER RESOLVING SECURED CREDITOR'S OBJECTION TO DEBTORS' CHAPTER 13 PLAN**

This matter having been brought before the Court by KML Law Group, P.C., attorneys for Secured Creditor, Deutsche Bank National Trust Company, as trustee, on behalf of the holders of the Impac Secured Assets Corp., Mortgage Pass-Through Certificates Series 2006-5, holder of a mortgage on real property located at 25 Sterling Hill Road, Sparta, NJ 07871, Denise Carlon appearing, by way of objection to the confirmation of Debtors' Chapter 13 Plan, and this Court having considered the representations of attorneys for Secured Creditor and Melinda D. Middlebrooks, Esquire, attorney for Debtors, Angela M. Risoli and Gerard Risoli, and for good cause having been shown;

It **ORDERED, ADJUDGED and DECREED** that Debtors shall obtain a loan modification by November 6, 2019, or as may be extended by an application to extend the loss mitigation period; and

It is **FURTHER ORDERED, ADJUDGED and DECREED** that the Debtors are to make regular post-petition payments outside of the plan in accordance with the terms of the loss mitigation order while the loss mitigation period is active; and

It is further **ORDERED, ADJUDGED and DECREED** that the trustee is to pay the arrears per the plan while the loan modification is pending; and

It is **FURTHER ORDERED, ADJUDGED and DECREED** that Secured Creditor does not waive its rights to the pre-petition arrears or the difference between the regular post-petition payment and the loss mitigation payment, or any other post-petition arrears that may accrue; and

It is **FURTHER ORDERED, ADJUDGED and DECREED** that if loss mitigation is unsuccessful, Debtors shall modify the plan to address Secured Creditor's claim; and

It is **FURTHER ORDERED, ADJUDGED and DECREED** that Secured Creditor's objection to confirmation is hereby resolved.