| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY | |
| **Caption in Compliance with D.N.J. LBR 9004-1**<br><br>DENISE CARLON, ESQUIRE<br>KML LAW GROUP, P.C.<br>Sentry Office Plz<br>216 Haddon Ave.<br>Suite 406<br>Westmont, NJ 08018<br>dcarlon@kmllawgroup.com<br>Attorneys for Morgan Stanley Mortgage Loan Trust 2007-9SL, Mortgage Pass-Through Certificates, Series 2007-9SL, U.S. Bank National Association, as Trustee, successor in interest to Bank of America, National Association, as Trustee successor by merger to LaSalle Bank National Association, as Trustee | **Order Filed on December 3, 2019 by Clerk, U.S. Bankruptcy Court - District of New Jersey** |
| In Re:<br><br>Angela M. Risoli and Gerald Risoli,<br><br>Debtors. | Case No.:  19-24147 SLM<br>Adv. No.:<br>Hearing Date:  9/11/19 @ 8:30 a.m.<br><br>Judge:  Stacey L. Meisel |

# ORDER RESOLVING SECURED CREDITOR'S OBJECTION TO DEBTOR'S CHAPTER 13 PLAN

The relief set forth on the following pages, numbered two (2) through three (3) is hereby **ORDERED**

**DATED: December 3, 2019**

_Stacey L. Meisel_
Honorable Stacey L. Meisel
United States Bankruptcy Judge

Page 2
Debtors:      Angela M. Risoli and Gerald Risoli
Case No.:     19-24147 SLM
Caption:      **ORDER RESOLVING SECURED CREDITOR'S OBJECTION TO DEBTOR'S CHAPTER 13 PLAN**

This matter having been brought before the Court by KML Law Group, P.C., attorneys for Secured Creditor, Morgan Stanley Mortgage Loan Trust 2007-9SL, Mortgage Pass-Through Certificates, Series 2007-9SL, U.S. Bank National Association, as Trustee, successor in interest to Bank of America, National Association, as Trustee successor by merger to LaSalle Bank National Association, as Trustee, holder of a mortgage on real property located at 25 Sterling Hill Road, Sparta New Jersey 07871, Denise Carlon appearing, by way of objection to the confirmation of Debtor's Chapter 13 Plan, and this Court having considered the representations of attorneys for Secured Creditor and Angela Nascondiglio Stein, Esquire, attorney for Debtors, Angela M. Risoli and Gerald Risoli, and for good cause having been shown;

It **ORDERED, ADJUDGED and DECREED** Secured Creditor's claim shall be allowed as a non-priority general unsecured claim and shall be paid as such in accordance with the Debtors' Chapter 13 Plan; and

It is **FURTHER ORDERED, ADJUDGED and DECREED** The avoidance of Secured Creditor's second lien is contingent upon the Debtors' completion of the Chapter 13 plan and the Debtors' receipt of a Chapter 13 discharge and;

It is **FURTHER ORDERED, ADJUDGED and DECREED** Secured Creditor shall retain its lien for the full amount due under the subject loan in the event of either the dismissal of the Debtors' Chapter 13 case or the conversion of the Debtors' Chapter 13 case to any other Chapter under the United States Bankruptcy Code; and

It is **FURTHER ORDERED, ADJUDGED and DECREED** That each party shall bear their own attorney's fees and costs incurred in the present case number; and

It is **FURTHER ORDERED, ADJUDGED and DECREED** In the event that the property is destroyed or damaged, pursuant to the mortgage, Secured Creditor is entitled to its full rights as a loss payee with respect to the insurance proceeds and has a security interest in such proceeds up to the entire balance due on the mortgage; and

It is **FURTHER ORDERED, ADJUDGED and DECREED** In the event that any entity, including the holder of the first lien on the Subject Property forecloses on its security interest and extinguishes Creditor's lien prior to the Debtors' completion of the Chapter 13 plan, Secured Creditor's

Page 3
Debtors:       Angela M. Risoli and Gerald Risoli
Case No.:      19-24147 SLM
Caption:       **ORDER RESOLVING SECURED CREDITOR'S OBJECTION TO DEBTOR'S CHAPTER 13 PLAN**

lien shall attach to the surplus proceeds of the foreclosure sale for the full amount of the subject loan balance at the time of the sale; and

It is **FURTHER ORDERED, ADJUDGED and DECREED** Secured Creditor shall retain its lien for the full amount due under the subject loan should the subject property be sold, or should a refinance take place prior to the Chapter 13 plan completion and entry of a Discharge; and

It is **FURTHER ORDERED, ADJUDGED and DECREED** that Secured Creditor's objection to confirmation is hereby resolved.